UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60459
Summary Calendar
_____

JAMES H. DALLAS, SR.,

Plaintiff-Appellant,

versus

MARVIN T. RUNYON, JR., United
States Postmaster General,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(98-CV-1119)
_____

January 5, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this appeal, James Dallas contests the district court's grant of summary judgment to Marvin T. Runyon, Postmaster General of the United States, and its refusal to transfer the case to the Federal Circuit. Because the district court acted correctly, this Court affirms.

Dallas was terminated from his employment with the United States Postal Service on April 29, 1995 for unsatisfactory performance and failure to follow supervisory instructions.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff appealed this decision to the Merit Systems Protection Board (MSPB), asserting that his removal was due to discriminaiton on the basis of race, age and disability. An administrative judge found against the plaintiff, and the full MSPB denied plaintiff's petition for review. After the plaintiff petitioned the EEOC for review of the MSPB decision, the EEOC issued a decision on March 11, 1997 concurring with the MSPB. On April 16, 1997, plaintiff filed his first judicial complaint, which was dismissed on August 31, 1998 for ineffective service of process.[1]

In the meantime, on May 7, 1996, Dallas asked the Postal Service to reinstate him. When the Postal Service denied this request, plaintiff appealed to the MSPB, and an administrative judge concluded that plaintiff was not entitled to restoration. On July 14, 1997, the full MSPB denied plaintiff's subsequent petition for review. The plaintiff filed a petition for review with the EEOC on August 16, 1997. On January 5, 1998, the EEOC denied his petition for review. Plaintiff then filed his complaint in this case on February 9, 1998. On May 20, 1999, the district court found that it lacked subject matter jurisdiction over the case and granted summary judgment for the defendants. The district court also declined to transfer the case to the Federal Circuit.

Because this court concurs with the reasoning in the district court's opinion regarding its lack of subject matter

---

[1]The district court went on to find that the plaintiff was not "disabled," as defined by the Rehabilitation Act of 1973, at the time of his termination. See Dallas v. Runyon, NO. 3:97cv269BN (August 31, 1998).

jurisdiction, we affirm its grant of summary judgment to the defenants.

For reasons different than those urged by the goverment or relied upon by the district court, this Court also declines to transfer the case to the Federal Circuit. At the time of this Board decision, 5 U.S.C. §7703(b)(1) stated that: "any petition for review [to the Federal Circuit] must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board."[2] Furthermore, 28 U.S.C. §1631 states that if a court finds a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."

The plaintiff had clearly received notice of the final decision of the Board at the time he filed his petition for review with the EEOC on August 16, 1997. Even assuming Dallas did not receive notice of the Board's final decision until the day before he filed his petition for review with the EEOC, under 5 U.S.C. §7703(b)(1) he was required to file his petition for review by the Federal Circuit by September 15, 1997. Dallas filed his action in the district court on February 9, 1998, almost five months later. Therefore, since the action could not have been brought in the Federal Circuit at the time it was filed with the district court below, the case should not be transferred under 28 U.S.C. §1631.

---

[2] 5 U.S.C. §7703(b)(1) was amended in 1998 to provide a 60 day period to file a petition for review after receipt of a final Board order or decision.

<u>AFFIRMED</u>.

4